IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

JUNIOR KELLY,

               Plaintiff,         Civil Action No.
 v.                                 9:03-CV-0694 (TJM/DEP)

C. BARRETTE, *et al.*,

               Defendants.

APPEARANCES:                               OF COUNSEL:

FOR PLAINTIFF:

JUNIOR KELLY, *pro se*

FOR DEFENDANTS:

HON. ELIOT SPITZER                MARIA MORAN, ESQ.
Attorney General of                   Assistant Attorney General
the State of New York
Attorney for Defendants
615 Erie Blvd. West
Syracuse, NY 13204-2455

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

### REPORT AND RECOMMENDATION

    Plaintiff Junior Kelly, a New York State prison inmate who is proceeding *pro se* and *in forma pauperis*, has commenced this civil rights action pursuant to 42 U.S.C. § 1983 alleging deprivation of his

constitutional rights, and additionally asserting pendent state common law causes of action for assault and battery. In his complaint, Kelly avers that in July of 2001, while confined within the Auburn Correctional Facility ("Auburn"), he was assaulted by two corrections sergeants, without provocation, and seeks recovery of compensatory and punitive damages as a result of the incident.

    Currently pending before the court is a motion by Corrections Sergeant C. Barrette, the only defendant who has thus far appeared in the action, for judgment on the pleadings dismissing those portions of plaintiff's complaint which assert state common law tort causes of action, as well as of all claims brought against him in his official capacity. Because plaintiff's claims for damages against the defendants in their official capacities are barred by the Eleventh Amendment, and his tort claims against the defendants are both untimely and in any event not cognizable in light of the provisions of N.Y. Correction Law § 24, which precludes maintenance in this court of state law claims against corrections workers in their individual capacities, I recommend that defendant's motion be granted.[1]

---

[1]    While a claim against the defendants in their official capacities seeking

I.  BACKGROUND[2]

Plaintiff is and was at the relevant times a New York State prison inmate entrusted to the custody of the New York State Department of Correctional Services ("DOCS"). On July 23, 2001, while confined within a transit unit at Auburn, plaintiff was assaulted by defendant C. Barrette, a corrections sergeant. Amended Complaint (Dkt. No. 17) ¶ 6(a)-6(i). The incident, during which plaintiff was punched, kicked, and thrown into a bench, was observed by defendants D. Delaney, a corrections officer, and Corrections Sergeant M. Cobl. *Id.* Following the assault by Sergeant Barrette, defendant Delaney picked the plaintiff up off the floor and, while Kelly was still bent over, struck him in the face. *Id.* ¶ 6(l). No medical attention was provided to the plaintiff by prison personnel at Auburn following the incident. Amended Complaint (Dkt. No. 17) ¶ 6(o).

Plaintiff was transferred from the Auburn transit unit into the

---

equitable relief would not similarly be incompatible with the Eleventh Amendment, *see Garel v. City of New York*, No. 04CV3506, 2005 WL 878571, at *3 (E.D.N.Y. Apr. 12, 2005) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 3106 n.14 (1985)), plaintiff's complaint seeks only money damages.

[2]  In light of the procedural posture of the case, the following recitation is drawn from plaintiff's complaint, the allegations of which are accepted as true for purposes of defendant's motion. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied*, 513 U.S. 816, 115 S. Ct. 73 (1994).

Downstate Correctional Facility on July 24, 2001. *Id.* ¶ 6(p). According to Kelly, upon his arrival at Downstate he was taken to that prison's medical facility, where photographs of his injuries were taken. *Id.* (Dkt. No. 17) ¶ 6(p). While at Downstate plaintiff submitted a grievance regarding the assault. That grievance was denied, and the rejection was upheld on appeal to the Central Office Review Committee ("CORC") on April 10, 2002. Amended Complaint (Dkt. No. 17) ¶ 4(B).

II.     PROCEDURAL HISTORY

Plaintiff commenced this action on June 5, 2003, Dkt. No. 1, later filing an amended complaint on May 21, 2004, with permission of the court and without objection from defendants' counsel. *See* Dkt. No 17. Named as defendants in Kelly's amended complaint are Corrections Sergeant C. Barrette, Corrections Officer D. Delaney, and Corrections Sergeant M. Cobl, all identified as working at Auburn. *Id.* Plaintiff's amended complaint asserts three identical causes of action against the three named defendants, alleging both the use of excessive force, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, and what appears to be pendent state law tort claims of assault and battery. *See id.* ¶ 7.

4

On August 20, 2004, defendant C. Barrette, who has acknowledged service in the action, filed an answer to plaintiff's amended complaint. Dkt. No. 26.  Neither of the remaining two defendants has yet appeared in the case.[3]

Subsequent to the filing of his answer, defendant Barrette moved on August 9, 2005, requesting the entry of judgment on the pleadings dismissing portions of plaintiff's claims against him.  Dkt. No. 33.  In his motion defendant Barrette seeks dismissal of plaintiff's pendent tort claims, as well as any cause of action asserted against him in his official capacity.  That motion, to which plaintiff has not responded, is now ripe for determination and has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(1) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III. DISCUSSION

    A.    Plaintiff's Failure To Respond

Despite the filing of defendant's motion, seeking dismissal of

---

[3] Summonses issued in the action for defendants M. Cobl and D. Delaney and forwarded to the United States Marshal for service have been returned twice as unexecuted.  *See* Dkt. Nos. 25, 32.

5

portions of plaintiff's claims, Kelly has not responded to that motion, and thus has failed to provide the court with the benefit of any argument as to why it should not be granted.

Before turning to the merits of defendant's motion I must first determine what, if any, legal import that failure should have on the court's assessment of the pending motion.  Although the plaintiff has filed no opposition to defendant Barrette's motion for judgment on the pleadings, I am not precluded from recommending disposition of that motion without the benefit of his submission.  *See, e.g., White v. Mitchell*, No. 99-CV-8519, 2001 WL 64756, at *1 (E.D.N.Y. Jan. 18, 2001).  Motions for judgment on the pleadings test only the legal sufficiency of the pleadings; accordingly, while a party should be given reasonable opportunity to respond to such a motion the court can determine the pleadings' sufficiency as a matter of law based on its own reading of the complaint and the answer in the light of the relevant case law.  *See McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).  Moreover, while under this court's local rules a party's failure to respond to a properly filed motion can constitute consent to granting of that motion, the court must first make a threshold finding that the moving party has met its burden demonstrating entitlement to the relief requested.  N.D.N.Y.L.R. 7.1(b)(3); *see also*

*McCall*, 232 F.3d at 322-23 (holding that plaintiff's failure to respond to motion to dismiss in and of itself could not constitute basis for dismissal if plaintiff's complaint stated a claim for relief); *White*, 2001 WL 64756, at n.2 (citing *McCall*).

### B.   Judgment on the Pleadings

Having determined that the court is positioned to decide defendant's motion, despite plaintiff's failure to submit any opposition, I must next address the proper standard against which it must be judged.

Defendants' motion is brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which governs the entry of judgment on the pleadings.[4] When analyzing a Rule 12(c) motion, I must apply the same standard as that applicable to a motion under Rule 12(b)(6). *See*, *e.g.*, *Sheppard*, 18 F.3d at 150; *Wynn v. Uhler*, 941 F. Supp. 28, 29 (N.D.N.Y.

---

[4]   Rule 12(c) provides that:

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c).

7

1996) (Pooler, J.). Accordingly, I must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the plaintiff as the non-moving party; when viewed in that light, the court may not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *Sheppard*, 18 F.3d at 150 (citing *Conley*); *Wynn*, 941 F. Supp. at 29 (same). This standard is "applied with particular strictness when the plaintiff complains of a civil rights violation." *Sheppard*, 18 F.3d at 150 (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

C.  Claims Against Defendant Barrette in his Official Capacity

In his motion, defendant Barrette first seeks dismissal of plaintiff's claims to the extent that they may be interpreted as having been asserted against him in his official capacity. Defendant argues that because they purport to seek money damages against him based upon his official position, those claims are precluded by the Eleventh Amendment.[5]

---

[5] In his complaint Kelly states that "[he] sues each defendant in their [sic] official and individual capacities." Amended Complaint (Dkt. No. 17) ¶ 8. It thus appears, from this statement and the fact that he is seeking only recovery of money damages, that plaintiff is indeed attempting to recover such damages from the defendants in their official capacities, as well as individually.

8

The Eleventh Amendment protects a state against suits brought in federal court by citizens of that state, regardless of the nature of the relief sought. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 3057-58 (1978). This absolute immunity which states enjoy under the Eleventh Amendment extends to both state agencies and state officials sued in their official capacities in any case in which the essence of the claim involved is one against a state as the real party in interest. *Richards v. State of New York Appellate Division, Second Department*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (citing *Pugh* and *Cory v. White*, 457 U.S. 85, 89-91, 102 S. Ct. 2325, 2328-29 (1982)). "To the extent that a state official is sued for damages in his official capacity . . . the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."[6] *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 361 (1991); *Kentucky v. Graham*, 473 U.S. 159, 166-67, 105 S. Ct. 3099, 3105 (1985).

Since plaintiff's complaint purports to assert claims against the defendants, both individually and in the official capacities, seeking only monetary relief, I recommend that the portion of defendant's motion which

---

[6] By contrast, the Eleventh Amendment does not establish a barrier against suits seeking to impose individual or personal liability on state officials under section 1983. *See Hafer*, 502 U.S. at 30-31, 112 S. Ct. at 364-65.

9

is based upon the Eleventh Amendment be granted, and that plaintiff's claims against him and his co-defendants in their official capacities be dismissed.

### D. Pendent State Law Tort Claim

In his first cause of action plaintiff purports to assert a claim against defendant Barrette for assault and battery.[7] Defendant Barrette seeks dismissal of those claims based upon the applicable statute of limitations.

Under New York law, assault and battery are regarded as intentional torts, and as such are subject to a one year statute of limitations. N.Y. Civil Practice Law & Rules § 215(3); *Sawyer v. Wight*, 196 F.Supp.2d 220, 228-29 (E.D.N.Y. 2002). From plaintiff's complaint, it appears that his tort claims accrued on July 23, 2001, the date of the alleged assault. *Quiles v. City of New York*, No. 01Civ.10934, 2003 WL 21961008, at *6 (S.D.N.Y. Aug. 13, 2003). Since this action was filed on June 5, 2003, plaintiff's intentional state law tort claims against defendant Barrette are

---

[7]  While obviously attempting to assert civil tort causes of action, in support of his pendent state law claims plaintiff cites N.Y. Penal Law §120.5 – an apparent reference to N.Y. Penal Law § 120.05, which addresses the crime of assault in the second degree. Since that statute has no direct applicability to plaintiff's tort claims, I have interpreted the relevant portions of his complaint as setting forth common law assault and battery claims against defendant Barrette and his co-defendants.

time barred, and thus subject to dismissal.[8]  *See Quiles*, 2003 WL 21961008, at *6; *Sawyer*, 196 F.Supp.2d at 228-29.  I therefore recommend dismissal of that portion of plaintiff's first cause of action which asserts a claim against defendant Barrette for assault and battery, and *sua sponte* dismissal of the parallel portions of plaintiff's second and third causes of action against defendants D. Delaney and M. Cobl, respectively.

### E.     Failure to Serve

In his motion defendant Barrette also suggests that plaintiff's claims against fellow defendants Delaney and Cobl are subject to dismissal, based upon plaintiff's failure to effect service upon those defendants within the required time period.  Defendant's argument in this regard is bottomed upon the requirement, imposed by Rule 4(m) of the Federal Rules of Civil Procedure, that service in an action filed in a federal district court be made within 120 days of the date of commencement, absent a

---

[8]     Although defendant Barrett does not raise this argument, plaintiff's tort claims are also subject to dismissal under N.Y. Correction Law § 24, which precludes the assertion of pendent state law claims against corrections workers in their individual capacities, whether in state or federal court.  *See Ierardi v. Sisco*, 119 F.3d 183, 186-87 (2d Cir. 1997) (citations omitted); *Baker v. Coughlin*, 77 F.3d 12, 14-16 (2d Cir. 1996).

11

court order extending that period. That rule provides, in pertinent part, that

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[9] "[W]here good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996) (citation omitted). "If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Id.* (citing Fed. R. Civ. P. 4(m)); *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986).

A plaintiff's *pro se* status entitles him or her to a certain degree of leniency, insofar as service of process is concerned; courts generally favor resolution of a case on its merits, rather than on the basis of a

---

[9] This court's local rules shorten the time for service from the 120 day period under Rule 4(m) to sixty days. *See* N.D.N.Y.L.R. 4.1(b).

12

procedural technicality. *Poulakis v. Amtrak*, 139 F.R.D. 107, 109 (N.D. Ill. 1991). When a plaintiff proceeds *in forma pauperis*, such as is the case in this instance, the court is obligated to forward the plaintiff's process to the United States Marshal, who must in turn effect service upon the defendants, thereby relieving the plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint. *Byrd v. Stone*, 94 F.3d 217, 219-20 (6th Cir. 1996). This does not mean, however, that a *pro se* plaintiff may sit idly by upon being notified that efforts by the U.S. Marshal's Service to serve a particular defendant have been unsuccessful. *Vandiver v. Martin*, 304 F.Supp.2d 934, 938-43 (E.D. Mich. 2004).

In this case summonses were issued by the clerk for defendants M. Cobl and D. Delaney in or about July of 2004. *See* Dkt. No. 21. Those summonses were forwarded to the United States Marshal for service, but were returned unexecuted with regard to the two additional defendants on August 17, 2004, Dkt. No 25, and again on November 1, 2004, Dkt. No. 32. Both of the service returns referenced communications between the United States Marshal's Service and DOCS representatives, officials at Auburn, to the effect that prison officials at Auburn were unable to locate

13

or identify any corrections worker named M. Cobl at Auburn, and pointing out that there were in fact two corrections officers named D. Delaney working there. *Id.* The record does not reflect any further effort on the part of the plaintiff or the United States Marshal to effectuate service upon the two additional defendants.

In view of the fact that this action is going forward, and in deference to plaintiff's *pro se* status, I recommend against dismissal of plaintiff's claims against those two non-appearing defendants on the technical basis of his failure to effect service. Instead, I suggest that plaintiff be directed to focus his efforts, in pursuing discovery, on acquiring the necessary information to determine which of the two corrections officers named D. Delaney at Auburn was allegedly involved in the incident complained of, and to ascertain the identity to the person known to him as Sergeant M. Cobl, so that service may promptly be effected with respect to those two defendants.

IV. <u>SUMMARY AND RECOMMENDATION</u>

The portions of plaintiff's complaint in this action which assert claims for damages against defendant C. Barrette and his two co-defendants in their official capacities, as well as pendent common law claims of assault

14

and battery, are subject to dismissal as a matter of law, based upon the Eleventh Amendment and the governing statute of limitations, respectively. I therefore recommend that defendants' motion for partial judgment on the pleadings be granted, and that those claims be dismissed. Based upon the foregoing, it is hereby

RECOMMENDED that defendants' motion for partial judgment on the pleadings (Dkt. No. 33) be GRANTED, and that all claims against the defendants for damages in their official capacities, and arising under state common law, be DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties by regular mail.

Dated: December 6, 2005
Syracuse, NY

*/s/ David E. Peebles*
David E. Peebles
U.S. Magistrate Judge

G:\prisoner\Kelly.wpd